UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GINA M. ANGLIN                                                                                                   PLAINTIFF

v.                                                                                   CIVIL ACTION NO. 3:07CV-443-DW

ANN-BERKLEY, INC.                                                                                           DEFENDANT

### MEMORANDUM OPINION

This action for personal injury is before the Court on the renewed motion of the Defendant, Ann-Berkley, Inc. (ABI), for summary judgment. ABI argues in its motion that recent discovery establishes that it did not own, operate or control the Atlantis water park premises where the Plaintiff, Gina Anglin, was injured on August 5, 2006. Because no genuine issues of material fact supposedly exist on this question, ABI maintains that it is entitled to a judgment in its favor as a matter of law (DN 28). Gina Anglin has filed a response to the renewed motion in which she argues that the same discovery relied on by ABI to renew its motion shows exactly the opposite, that ABI and Wave-Tek are both owned, operated, managed and controlled by the same individuals who operate and control both the water park and the adjacent Holiday Inn hotel. Accordingly, Anglin asks that the Court deny ABI's renewed motion.

### BACKGROUND

No elaborate discussion of the events of August 5, 2006, is necessary in order to properly address the pending motion. The parties are well aware of the facts. Essentially, this lawsuit is a personal injury action. The injuries occurred on August 5, 2006, when the Plaintiff was struck from behind while using a water slide at the Atlantis Water Park in Southern Indiana.

Plaintiff thereafter filed suit against Defendant ABI in Kentucky state court seeking to recover monetary damages for her alleged back injuries. ABI removed the suit to federal court and promptly moved for summary judgment on the ground that the Plaintiff had sued the wrong business entity. ABI maintains that it did not own, operate or control the water park at the time of the Plaintiff's injury (DN 8). Plaintiff responded to the original summary judgment motion with various correspondence from ABI's insurer, suggesting that the corporation did indeed have a sufficient relationship to the water park to obtain insurance coverage for the park (DN 11). ABI maintained in response that a separate corporation, Wave-Tek, was the entity that actually owned, operated and controlled the premises at the time in question.

The Court first directed the parties to file supplemental briefs on the proper substantive law to apply to the Plaintiff's claims of negligence (DN 16). Although the Court agreed with the parties' choice of law analysis that Indiana law applied, it ordered pursuant to Fed.R.Civ.P. 56(f) that additional discovery be taken before the pending dispositive motion could be adequately addressed (DN 20). After that discovery was completed this past June, ABI renewed its motion for summary judgment, arguing that the deposition testimony of Greg James, Vice-President of ABI, and Shelia Cull, Secretary-Treasurer of both ABI and Wave-Tek, established that Wave-Tek has continuously and independently owned and operated the water park since its incorporation in 1991. Plaintiff disputes this conclusion based on the same deposition testimony, which she now claims shows that both ABI and Wave-Tek are shell corporations created by the James family, which operates the water park and hotel as it chooses, without observing required corporate formalities necessary for independent corporate ownership of the park.

## SUMMARY JUDGMENT STANDARD

While the parties may dispute the question of whether the Defendant, ABI, is subject to dismissal under Rule 56(c), the standard for summary judgment under the Rule is now established beyond serious debate. Under the Rule, summary judgment will be proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

The party who files a motion for summary judgment bears the initial burden to show that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 23 (1986); Yeschick v. Mineta, 521 F.3d 498, 502 (6th Cir. 2008). This burden may be discharged by "pointing out ... an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325; Cincinnati Newspaper Guild v. Cincinnati Inquirer, 863 F.2d 439, 443-44 (6th Cir. 1988). Once the moving party has met this initial burden, the nonmovant, after adequate time for discovery, may not rest on its pleadings to defeat the motion, but instead must identify specific material facts on which a reasonable juror could return a verdict for the nonmovant on the challenged claim or claims. Matsushita Elec. Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

In this respect, the inquiry on a motion for summary judgment is similar to the directed verdict inquiry - - whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); McKee v. Cutter Laboratories, Inc., 866 F.2d 219, 220 (6th Cir. 1989). The production of a mere "scintilla" of evidence by the

nonmovant will not be sufficient to defeat an otherwise proper motion for summary judgment. Id. When determining what particular facts are deemed to be material for the purpose of the Rule, the Court will look to the substantive law that governs the claim or claims under consideration. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-81 (6th Cir. 1989) (extended discussion of the summary judgment standard).

As Judge Bertelsman explained in the Street decision, the trilogy of Celotex, Matsushita, and Anderson have ushered in a "new era" in summary judgment jurisprudence under which the federal courts have enhanced discretion to grant summary judgment. No longer need they independently search the record merely to deny a motion for summary judgment based upon some "metaphysical doubt as to the material facts." Street, 886 F.2d at 1480 (citing Matsushita, 106 S. Ct. at 1356). Summary judgment will be appropriate on a given claim when the facts, viewed most favorably to the nonmovant, would not permit a reasonable juror to return a verdict in the nonmovant's favor.

## LEGAL ANALYSIS

No dispute exists about the substantive law that governs Plaintiff's negligence claim. Indiana law provides that liability rests with the person or persons who control the property on which the alleged injury occurred. City of Bloomington v. Kuruzovich, 517 N.E.2d 408, 410 (Ind. Ct. App. 1987). See also, St. Casimir Church v. Frankiewicz, 563 N.E.2d 1331 (Ind. Ct. App. 1990) (control of the premises is the basis for premises liability). Accordingly, the question is whether the contents of the two depositions, read in a light most favorable to the nonmoving party, would cause a reasonable juror to reach only one conclusion - - that Wave-Tek

owned, operated and controlled the Atlantis Water Park at the time of Gina Anglin's accident on August 5, 2006.

The deposition testimony of Greg James and Shelia Cull establishes without dispute that Greg James is one of the children of Luther James and Shirley James, a married couple who own a number of hotels that are managed by their son Greg. In 1991, the family incorporated Defendant ABI to purchase the Holiday Inn - Lakeview in Clarksville, Indiana, along with the adjacent water park located immediately next door. Shirley James and family friends William and Shirley Walters were the original shareholders in ABI.

That same year, ABI sold the water park property to another corporation they created, Wave-Tek, Inc., for the ostensible purpose of owning and operating the facility. Once again, the original sole shareholders of Wave-Tek were Shirley James and the Walters.[1] Shirley James is now the sole shareholder and president of both ABI and Wave-Tek. Greg James serves as Vice-President of ABI, but is not an officer of Wave-Tek.

It appears that Gania Navarro, an employee of ABI, is in charge of the day-to-day operations of both the water park hotel. Another individual, the Director of Corporate Sales, "Renee," who works directly for Greg James, handles the promotion for both the water park and the hotel. Both Navarro and Renee report directly to Greg James. Greg's father, Luther, is neither an officer nor a shareholder of ABI or Wave-Tek. He nevertheless has in the past signed various business documents on behalf of ABI. He also exercises his personal authority at both the hotel and water park. For example, if Luther James desires for the furniture to be rearranged

---

[1] William and Shirley Walters subsequently sold their interest in both of the corporations.

at the hotel, the hotel staff complies with his request.  If he were dissatisfied with the appearance of the water at the water park or the taste of concession stand food, Greg James testified that changes would be considered to make his father happy.

The hotel property contains various signage that promotes the water park; and, Shirley Cull testified that a reasonable patron could believe that the hotel and the water park were owned and managed together.  In fact, earlier investigation by Anglin's counsel indicated that various members of the hotel staff believed that the hotel owned and operated the water park, as did contacted water park employees.  Finally, although Wave-Tek was incorporated in 1991, and regularly filed separate tax returns, the corporation was administratively dissolved by the Indiana Secretary of State in March of 2001.  Wave-Tek was not administratively resurrected until December of 2007, after the present lawsuit was filed.

The above facts raise serious questions of fact in the Court's mind about the issues of control of the property at the time of the accident.  Indiana law provides that whether a duty of care is owed to an injured plaintiff in a premises liability case depends largely upon whether the defendant has control of the premises when the accident occurred.  <u>Yates v. Johnson County Bd. of Commissioners</u>, 888 N.E.2d 842, 847-48 (Ind. Ct. App. 2008) (citing <u>Beta Steel v. Rust</u>, 830 N.E.2d 62, 70 (Ind. Ct. App. 2005)).  The underlying rationale for this rule is to place the risk of liability on those persons who should have known of any dangers related to the property they control and therefore should have acted to prevent foreseeable harm.  <u>Pellak v. Indiana Industrial Services, Inc.</u>, 831 N.E.2d 765, 769 (Ind. Ct. App. 2005).

Ordinarily, whether a duty of care exists is a question of law for the Court to decide.  <u>Beta Steel</u>, 830 N.E.2d at 69-70.  Should the existence of such a duty, however, depend

on underlying facts that require resolution by trier of fact, including questions regarding who controlled the property at the time and place of the accident, then possession and control of the property for premises liability purposes becomes a question of fact, rather than one merely of law. Id. (Crist v. K-mart Corp., 653 N.E.2d 140, 145 (Ind. Ct. App. 1995)).

Examination of the deposition excerpts quoted by the parties compels the Court to conclude that the testimony of Greg James and Shelia Cull raises genuine issues of material fact concerning who actually exercised control over the subject water park. Although Wave-Tek may have held legal title to the property, a reasonable juror could conclude that control of the water park rested in actuality with Greg James as Vice-President of ABI, his general manager Gania Navarro, another ABI employee, and Luther James. These factual matters simply are not nearly as clear-cut as ABI would suggest, given the overlapping ownership of the two corporations and the joint exercise of control over both the hotel and water park properties by ABI officer James and ABI employee Navarro. At least one meaningful indication of the unsettled factual nature of ownership may be found in the fact that various hotel and water park employees publicly indicated that the water park was owned and operated by the hotel.

Entry of summary judgment on behalf of ABI under the present circumstances would be contrary to the substantive Indiana case law cited above and the standard for summary judgment. Accordingly, ABI's renewed motion for summary judgment in **DENIED**.

Copies to Counsel of Record